**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BABBAGE HOLDINGS, LLC<br><br>Plaintiff,<br><br>v. | **JURY TRIAL DEMANDED** |

| | |
|---|---|
| ACTIVISION BLIZZARD, INC., ACTIVISION, INC. and BLIZZARD ENTERTAINMENT, INC., | 2:13-CV-750 |
| CAPCOM U.S.A., INC. and CAPCOM ENTERTAINMENT, INC., | 2:13-CV-751 |
| ELECTRONIC ARTS INC., | 2:13-CV-753 |
| NAMCO BANDAI GAMES AMERICA, INC. and NAMCO BANDAI HOLDINGS (USA), | 2:13-CV-755 |
| UBISOFT, INC. and UBISOFT HOLDINGS, INC., | 2:13-CV-758 |
| TAKE-TWO INTERACTIVE SOFTWARE, INC. ROCKSTAR GAMES, INC., 2KSPORTS, INC. and 2K GAMES, INC. | 2:13-CV-764 |
| SQUARE ENIX, INC. and SQUARE ENIX OF AMERICA HOLDINGS, INC., | 2:13-CV-765 |
| RIOT GAMES, INC. | 2:13-CV-766 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Babbage Holdings, LLC's Second Amended Complaints' Claims of Indirect Patent Infringement. (*See, e.g.*, *Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 24 (E.D. Tex. Jan. 23, 2014).) Having considered the parties' written submissions, the Court **GRANTS** Defendants' Motion.

**I. BACKGROUND**

Plaintiff Babbage Holdings, LLC ("Babbage") filed suits against Defendants in the above-styled cases between September 23, 2013 to September 26, 2013, alleging the infringement

1

of one U.S. Patent No. 5,561,811 (the "'811 Patent"). The '811 Patent expired on October 1, 2013. Summons as to each Defendant were not issued until October 9, 2013.

In both the Original Complaint and the subsequent first Amended Complaint, Babbage has accused Defendants of actively inducing, as well as contributing to, the infringement of the '811 Patent. Babbage claims that Defendants "knew of the '811 Patent at least as early as the filing of the Complaint." (*See, e.g.*, *Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 1 ¶ 10 (E.D. Tex. Sept. 23, 2013); ECF No. 5 ¶ 10 (E.D. Tex. Sept. 26, 2013).) On December 20, 2013, Defendants filed their first Motion to Dismiss Babbage Holdings, LLC's Claims of Indirect Patent Infringement, based in part, on Babbage's failure to plead knowledge of the '811 Patent before its expiration. (*See Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 12 (E.D. Tex. Dec. 20, 2013).) Babbage submitted a Second Amended Complaint on January 6, 2014, however, without altering the allegation as to Defendants' knowledge of the '811 Patent. (*See, e.g.*, *Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 18 ¶ 11 (E.D. Tex. Jan. 6, 2014).)

## II. APPLICABLE LAW

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but the facts pleaded must, when accepted as true,

state a claim for relief that is "plausible on its face," i.e., the facts plead must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

By the present motion, Defendants seek to dismiss Babbage's indirect infringement claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue, among other things, that Babbage's indirect infringement claims should be dismissed because Babbage has not plead facts that plausibly establish Defendants' knowledge of the '811 Patent prior to its expiration date. The Court agrees.

It is undisputed that both of Babbage's indirect infringement claims require a Defendant to have knowledge of the asserted patent during the time the '811 Patent was in force. (*See Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 27, at 3 (E.D. Tex. Feb. 10, 2014).) Babbage alleges no pre-suit knowledge of the '811 Patent of any Defendant, but instead relies exclusively on the filing of the original complaint as the basis to establish knowledge. (*See, e.g.*, *Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 18 ¶ 11 (E.D. Tex. Jan. 16, 2014) ("Defendants…knew of the '811 Patent at least as early as the filing of the original complaint.").) Meanwhile, however, Babbage does not dispute that the '811 Patent expired only a matter of a few days after the complaints were filed, and clearly before summons were issued or any Defendant was officially served. Nonetheless, Babbage argues that the filing of the original complaints a few days before the expiration date of the '811 Patent, in and of itself, was sufficient to establish knowledge. (*See Babbage Holdings, LLC v. Activision Blizzard Inc.*, 2:13-cv-750, ECF No. 27, at 3-5 (E.D. Tex. Feb. 10, 2014).) Taken literally, Babbage takes the position that

3

each Defendant, some located hundreds or thousands of miles away, must have *sensed* the existence of the '811 Patent the moment Babbage filed the complaints against them. This Court knows of no authority that provides for some form of constructive notice of the matters within a complaint effected simply by its filing in a U.S. District Court. If such were the case, the process of personal service via a summons would be a duplicative waste of time. Given these facts, Babbage's indirect infringement claims must fail for the lack of any plausible allegation of Defendants' actual knowledge of the '811 Patent while it was still in force.

Though not alleged in its Second Amended Complaint, Babbage further argues that Defendants could have alternatively obtained knowledge of the '811 Patent through notice letters Babbage had sent between September 24, 2013 and September 27, 2013, which contained a copy of the relevant original complaint and the '811 Patent. Babbage does not make it clear whether these notice letters were sent via physical mail, electronic means or otherwise. Even assuming the notice letters were delivered and received on the same day Babbage sent them, and further assuming that such notice letters sufficiently established Defendants' knowledge of the '811 Patent, Babbage's indirect infringement claims would then be entirely based on Defendants' conduct between September 24 or 27, 2013 to October 1, 2013 when the '811 Patent expired. If this is true, Babbage is asking this Court to sustain a claim of damages for alleged indirect infringement which lasted three to six days *at the maximum*. Such damages, if any, are *de minimis* on their face, and Babbage has not shown otherwise. Even affording Babbage every possible benefit of the doubt, it has failed to allege more than a *de minimis* indirect infringement claim, which does not justify or support the use of this Court's limited resources.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss Babbage Holding, LLC's Second Amended Complaints' Claims of Indirect Patent Infringement (Case No. 2:13-cv-750, Dkt. No. 24; Case No. 2:13-cv-751, Dkt. No. 25; Case No. 2:13-cv-753, Dkt. No. 25; Case No. 2:13-cv-755, Dkt. No. 25; Case No. 2:13-cv-758, Dkt. No. 26; Case No. 2:13-cv-764, Dkt. No. 26; Case No. 2:13-cv-765, Dkt. No. 25; Case No. 2:13-cv-766, Dkt. No. 26.) Babbage's indirect patent infringement claims are hereby **DISMISSED WITH PREJUDICE**. In light of this dismissal, the Court further **DENIES-AS-MOOT** Defendants' first Opposed Motion to Dismiss Babbage Holdings, LLC's Claims of Indirect Patent Infringement (Case No. 2:13-cv-750, Dkt. No. 12; Case No. 2:13-cv-751, Dkt. No. 13; Case No. 2:13-cv-753, Dkt. No. 13; Case No. 2:13-cv-755, Dkt. No. 13; Case No. 2:13-cv-765, Dkt. No. 13.)

Finally, by presenting any pleading to the Court, any party, here Babbage, affirmatively certifies (after making a reasonable inquiry under the then existing circumstances) that its assertions are warranted by existing law, are non-frivolous, and are not presented for any improper purpose. *See* Fed. R. Civ. P. 11(b). The circumstances surrounding this motion raise, in the Court's view, a real and legitimate concern that Babbage may have violated such duties, especially in light of its Second Amended Complaint which was filed after Defendants had urged the dismissal of Babbage's indirect infringement allegations but which continued to assert the same claim of indirect infringement as included in its earlier complaints. Accordingly, Babbage is hereby **ORDERED** to appear and show cause why sanctions should not be imposed in light of the above conduct. Such show cause hearing shall take place before the Court at **9:00 am**, **on May**

**28, 2014.**

**So ORDERED and SIGNED this 14th day of May, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE